IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | 4:19CR3011 |
|---|---|
| Plaintiffs, | |
| vs. | ORDER |
| TAWHYNE M. PATTERSON SR., DAMON D. WILLIAMS, DANTE D. WILLIAMS, and IRA MORROW, | |
| Defendants. | |

Defendant Morrow has moved to sever his trial from that of his codefendants. (Filing No. 113). Morrow argues that after hearing the evidence against the codefendants, a jury will be unable to render a verdict as to Morrow based solely on the evidence relevant to him. He also argues that admission of his statement to law enforcement at a joint trial will support a Bruton challenge. For the reasons stated below, the motion will be denied.

Count I of the superseding indictment alleges Morrow's codefendants murdered a person while engaging in armed robbery. Count II alleges all the defendants committed the armed robbery referenced in Count I. (Filing No. 80).

Defendant Morrow requests relief under Rule 14 of the Federal Rules of Criminal Procedure. To warrant severance under Rule 14, a defendant must show "real prejudice," that is, "something more than the mere fact that he would have had a better chance for acquittal had he been tried separately." United States v. Mickelson, 378 F.3d 810, 817 (8th Cir. 2004) (quoting United States v. Oakie, 12 F.3d 1436, 1441. (8th Cir. 1993) (citing United States v. Adkins, 842 F.2d 210, 211-12 (8th Cir.1988)). A defendant can prove real prejudice to his

right to a fair trial by showing that either his affirmative defenses are irreconcilable with that of the codefendants, or that the jury will be unable to compartmentalize the evidence as it relates to the separate defendants. Mickelson, 378 F.3d at 817 (citing United States v. Washington, 318 F.3d 845, 858 (8th Cir. 2003); United States v. Jackson, 64 F.3d 1213, 1217 (8th Cir. 1995).

While Morrow is not charged with felony murder, he is jointly charged with his codefendants in committing the felony (armed robbery) underlying the felony murder charge. So, the evidence supporting the murder charge (Count I) also supports the robbery charge against all the defendants (Count II). A motion for severance may be denied even though the defendant argues that "not every joined defendant has participated in every offense charged," or that "there is varying strength in the evidence against each defendant." United States v. Lee, 374 F.3d 637, 646 (8th Cir. 2004) (internal citations omitted). Moreover, defendants jointly indicted on similar evidence from the same or related events should be tried together, even if each defendant did not participate in or was not charged with each offense. United States v. Gravatt, 280 F.3d 1189, 1191 (8th Cir. 2002).

Morrow argues that if he is not tried separately, the substantial and emotionally charged evidence against Morrow's codefendants will taint the jury. "It will be impossible for the jury to parse out the facts and acts attributable to the co-Defendants without 'fragging' Mr. Morrow in the process." (Filing No. 114, at CM/ECF p. 2). This conclusory statement is not sufficient to support a finding of prejudice. Moreover, "[s]everance is not required merely because evidence that is admissible only against some defendants may be damaging to others." Mickelson, 378 F.3d at 817. And even when a defendant can demonstrate

potential prejudice if he is jointly tried with the codefendants, "[t]he risk of prejudice posed by joint trials is best cured by careful and thorough jury instructions." Mickelson, 378 F.3d at 817. "[J]uries are presumed to follow their instructions." Zafiro v. U.S., 506 U.S. 534, 540 (1993).

Defendant Morrow's motion to sever because a jury will not be able to compartmentalize the evidence presented as to Morrow will be denied.

Citing Bruton v. United States, 391 US 123 (1968), Morrow argues a joint trial with the codefendants will violate the Sixth Amendment. (Filing No. 114, at CM/ECF p. 2). In Bruton, the Court held that the admission of a non-testifying codefendant's confession that expressly implicated Bruton violated Bruton's "right of cross-examination secured by the Confrontation Clause of the Sixth Amendment," even when the district court gave the jury limiting instructions to consider the confession against only the confessing codefendant.

Here, Morrow argues that his statement to law enforcement "implicates his co-defendants in the activities of July 30th, and if he chooses not to testify, his co-defendants would have a legitimate motion to sever." (Filing No. 114, at CM/ECF p. 2). Morrow lacks standing to argue that his codefendants' rights under the Confrontation Clause may be violated if Morrow's trial is not severed. Even assuming Morrow's own rights under Bruton may be implicated by a joint trial, when a statement to law enforcement does not incriminate a defendant on its face, and the statement becomes incriminating "only when linked with evidence introduced later at trial," a limiting instruction is sufficient to avoid a violation of the Confrontation Clause. United States v. Gayekpar, 678 F. 3d 629, 637 (8th Cir. 2012). And if a defendant's redacted confession does not refer directly to a codefendant and becomes incriminating only in combination with

other evidence, "the Constitution permits the normal presumption that a jury will follow an instruction to disregard the confession when considering a verdict for the codefendant." Gayekpar, 678 F.3d at 637.

After redacting the names of Morrow's codefendants, the court has reviewed Morrow's statement, (Filing No. 119-1). The court finds that the statement, presented in a redacted format, can be offered at trial without implicated the defendants' rights under the Confrontation Clause. Morrow's motion to sever based on Bruton will be denied.

Accordingly,

IT IS ORDERED that Defendant Morrow's motion to sever, (Filing No. 113), is denied.

August 7, 2019.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge